COURT OF APPEALS
DECISION
DATED AND FILED

May 5, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2130-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2007CF3578

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

RICK D. FREEMAN,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Rick Freeman appeals an order denying his motion for a new trial based on newly discovered evidence.  We conclude that the circuit court properly denied the motion on the ground that there is not a reasonable probability of a different result on retrial.  Therefore, we affirm.

¶2    In 2011, Freeman was convicted of first-degree intentional homicide by use of a dangerous weapon.  In 2019, he moved for a new trial based on newly discovered evidence, specifically the testimony of a witness who had not testified at the trial.  In 2020, the circuit court held an evidentiary hearing at which it heard the testimony of Freeman's new witness.  The court then denied the motion on the ground that the new witness was not credible.  Freeman appeals.

¶3    The circuit court concluded that the testimony of Freeman's new witness qualified as new evidence under the applicable four-part test.  *See **State v. Avery***, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60.  This conclusion is not disputed on appeal.  If evidence meets that test, the circuit court next decides whether a reasonable probability exists that a different result would be reached in a trial with the new evidence.  ***Id.***  This is a discretionary decision that we review for erroneous exercise of discretion.  ***Id.***, ¶22.

¶4    On appeal, Freeman argues that the circuit court here could deny his motion based on a lack of credibility of the new witness only if it found the witness to be inherently incredible.  We do not regard this as an accurate statement of law.  We addressed this point directly in ***State v. Carnemolla***, 229 Wis. 2d 648, 600 N.W.2d 236 (Ct. App. 1999).   We concluded that the circuit court's assessment of credibility in deciding a motion based on newly discovered evidence is not limited to whether the witness is inherently incredible.  ***Id.*** at 658-61.  Instead, if the circuit court concludes that a jury would not find the new

2

witness credible, that is the equivalent of a finding that there is no reasonable probability of a different outcome on retrial. *Id.* at 661.

¶5     Freeman argues that this conclusion in ***Carnemolla*** is inconsistent with other case law. We disagree. Freeman does not cite any case law clearly holding that the circuit court's assessment of credibility in the context of newly discovered evidence is limited to determining whether the evidence is inherently incredible.

¶6     One of the cases Freeman relies on involved a recantation by the alleged sexual assault victim. *See* ***State v. McCallum***, 208 Wis. 2d 463, 561 N.W.2d 707 (1997). The supreme court stated that, because an assessment of the witness's credibility would be crucial to deciding whether the recantation would raise a reasonable doubt in the minds of a jury on retrial, a remand to the circuit court was necessary for a determination of the witness's credibility based in part on demeanor. *Id.* at 479-80. The opinion did not suggest that the recantation might be inherently incredible. Therefore, it is implicit in the ***McCallum*** decision and remand that the circuit court could properly deny the defendant's motion if the court found the witness not to be sufficiently credible, even if her recantation was not inherently incredible.

¶7     Freeman also relies on a statement by the supreme court that the circuit court "is not to base its decision solely on the credibility of the newly discovered evidence, unless it finds the new evidence to be incredible." ***Avery***, 345 Wis. 2d 407, ¶25 (citing ***McCallum***). Freeman appears to interpret this statement as referring to inherent incredibility, but the word "inherently" is not used there. Therefore, we do not interpret ***Avery*** as intending to state that a circuit court's use of credibility in this context is limited to deciding whether the new

witness is inherently incredible. Instead, we understand the law to continue to be as stated and applied in *Carnemolla* and *McCallum*.

¶8 Having concluded that a circuit court may properly base its denial on a finding that a new witness is not credible, even if the witness is not inherently incredible, we turn to whether the court's decision here was proper on the facts of this case.

¶9 Freeman argues that we are not obligated to defer to the circuit court's determination of his new witness's credibility, but his argument is not supported by case law. Freeman describes *McCallum* as having "ignored" a finding by the circuit court in that case that the victim's recantation was less credible than her original statement, but that is not an accurate description. Although the supreme court in *McCallum* stated that the circuit court erred in the way it used its credibility finding in applying the legal standard, the supreme court then remanded to the circuit court for a further assessment of the victim's credibility and application of the legal standard, as we described above. The supreme court's goal was not to ignore the credibility assessment, but instead to rely on it.

¶10 Freeman argues that, in a case applying the prejudice test for ineffective assistance of counsel, the supreme court disregarded the circuit court's assessment of the credibility of a new witness. *See State v. Jenkins*, 2014 WI 59, 355 Wis. 2d 180, 848 N.W.2d 786. This appears to be an accurate description of the court's analysis in the ineffective assistance context. The court expressly stated that, in assessing prejudice, "a circuit court may not substitute its judgment for that of the jury in assessing which testimony would be more or less credible." *Id.*, ¶64. It may be difficult to readily square this statement with the approach of

*McCallum* and *Carnemolla* in the newly discovered evidence context. However, because *Jenkins* was not in the context of newly discovered evidence, we do not interpret it as intended to overrule previous law in this context. Instead, we defer to the circuit court's credibility assessment. *See Carnemolla*, 229 Wis. 2d at 661.

¶11 Freeman's new witness testified that he saw somebody other than Freeman shoot the victim and that Freeman was not present. The circuit court found this testimony not to be credible. The court explained that its finding was based on an assessment of the witness's demeanor, particularly when under cross-examination; inconsistencies between his story and other facts of record; the fact that no other witnesses had testified to seeing the new witness at the scene; the new witness's delay in reporting; and inconsistencies between the testimony of the new witness and the original witness who testified to having seen Freeman shoot the victim.

¶12 Freeman's argument does not identify any particular way in which the circuit court's perception of factual inconsistencies was incorrect. Nor does Freeman dispute the court's assessment of demeanor, or point to any other way in which the court erroneously exercised its discretion.

¶13 Freeman asserts that the issue is how a jury would perceive the new evidence, not how the circuit court perceived it. However, Freeman does not clearly explain why there would be a difference between those two perceptions. The findings that the circuit court relied on to determine that the witness was not credible would also be perceivable by a jury. We understand the circuit court to have based its decision on how a reasonable jury would view the new witness, in other words, what effect the new witness would have on the probability of a conviction, which is the proper legal test to apply. We are satisfied that the court

did not erroneously exercise its discretion in finding the witness not credible, and denying Freeman's motion on that basis.

¶14     Freeman also argues that we should exercise our power of discretionary reversal on the ground that the real controversy was not fully tried or that justice miscarried. *See* WIS. STAT. § 752.35 (2019-20).[1]  The argument is based on the absence of the testimony of the new witness we discussed above, and the likelihood of a different result if a new trial was held with that witness.  This question is not meaningfully different than the one we discussed above as to whether there was a reasonable probability of a different result.  There is no basis for us to reach a different conclusion in the context of discretionary reversal.

> *By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.